

ORIGINAL

FILED IN CLERK'S OFFICE
Atlanta
NOV 25 2003
LUTHER ___, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ANGEL FLIGHT OF GEORGIA, INC., | Civil Action No. |
| Plaintiff, | **1 03 CV 3620** |
| v. | **-JTC** |
| ANGEL FLIGHT SOUTHEAST, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Angel Flight of Georgia, Inc. ("Angel Flight") alleges as follows:

### JURISDICTION AND VENUE

1.

This action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and under state law governing substantial and related claims that arise out of the same operative facts.

2.

This United States District Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338 as well as 15 U.S.C. § 1121. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b), and under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

FORMS RECEIVED
Consent To US Mag. ✓
Pretrial Instructions ✓
Title VII NTC ___
S-13

3.

Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391.

**PARTIES**

4.

Plaintiff Angel Flight is a nonprofit corporation organized and existing under the laws of the state of Georgia, with its principal place of business in Atlanta, Georgia.

5.

Defendant Angel Flight Southeast, Inc., ("AFSE") is a nonprofit corporation organized and existing under the laws of Florida, with its principal place of business in Leesburg, Lake County, Florida. AFSE is subject to the personal jurisdiction of this Court and may be served through its registered agent for service in Georgia: Jane Jones, 848 Morris Road, Grovetown, Georgia 30813.

**FACTUAL BACKGROUND**

6.

Plaintiff Angel Flight is a nonprofit organization that assists individuals with medical and financial difficulties by arranging and providing air transportation without charge to and from hospitals, medical facilities, or other medically necessary destinations.

7.

Since its organization in 1983 and incorporation in 1985, Angel Flight has remained a vital source of aid to thousands of individuals as a result of the efforts of its many volunteer pilots, donors and staff. Since its inception, Angel Flight has arranged and completed thousands of missions throughout the southeastern United States, including the states of Georgia, Alabama, Mississippi, Tennessee, South Carolina, and North Carolina (the "Territory").

8.

Angel Flight depends heavily on private contributions of money, as well as contributions in kind from various donors, including pilots and fixed base operators. These contributors donate aircraft usage, flight time and fuel as well as other goods, services and discounts that enable the success of the missions flown by Angel Flight's volunteer pilots.

9.

In 1991, Governor Zell Miller of Georgia issued a proclamation recognizing Angel Flight's contributions to the community since 1984. Angel Flight has received similar commendation and recognition for its service from other Southeastern states.

10.

Since at least as early as 1984, Angel Flight has continuously used the service mark ANGEL FLIGHT in connection with its missions and related activities. Those activities have included recruiting and communicating with pilots, contributors, patients, medical facilities, air show participants and observers, air traffic controllers, airport personnel, the media and the public.

11.

The mark ANGEL FLIGHT is inherently distinctive. In addition, as a result of exclusive and continuous use of the ANGEL FLIGHT mark by Plaintiff within the Territory beginning at a time long before the activities of Defendant AFSE complained of herein, the term ANGEL FLIGHT is recognized and associated within the Territory with the volunteer missions and services provided by Plaintiff; signifies the source and quality of such services; and distinguishes such services from those offered by others.

**DEFENDANT'S INFRINGING ACTIVITIES**

12.

Recently, and long after Plaintiff Angel Flight had adopted use of the ANGEL FLIGHT mark within the Territory and established its rights therein, Defendant AFSE began to use the term ANGEL FLIGHT within the Territory; has opened offices in Georgia and certain other states within the Territory; and has

begun to use the term ANGEL FLIGHT in connection with recruiting, fundraising and other activities at those offices.

13.

Defendant AFSE's use of the term ANGEL FLIGHT within the Territory constitutes the use of an identical or substantially similar mark for the same or substantially similar services as are already provided within the Territory by Plaintiff Angel Flight.

14.

Defendant AFSE's actions have created, and continue to create, a substantial likelihood of confusion as to the origin, sponsorship, approval and quality of the services provided by AFSE; have infringed upon and diluted Plaintiff Angel Flight's rights and service mark; and have caused a loss of control over, and injury to, the commercial reputation and goodwill associated with Plaintiff Angel Flight and its services.

15.

The use by AFSE of the mark ANGEL FLIGHT within the Territory served by Plaintiff Angel Flight has resulted in actual confusion on the part of pilots, medical facilities, patients, contributors, the Federal Aviation Administration, and the media. Such use by AFSE has led these individuals or entities to believe

mistakenly that AFSE is affiliated with or the same as Plaintiff Angel Flight, when such is not the case.

16.

For example, Defendant AFSE recently contacted an Alabama hospital that Plaintiff Angel Flight has served for several years in transporting children with medical needs to and from a camp, as well as to medical appointments. Without Plaintiff's knowledge or authorization, AFSE directed the hospital to contact AFSE in the future to arrange transportation for the children. AFSE subsequently undertook to transport the children but did not properly complete its missions. Children were stranded at or between destinations or, in some cases, were never picked up for the departure flight. As a result of AFSE's unauthorized use of the term ANGEL FLIGHT, Plaintiff Angel Flight received complaints from individuals who mistakenly believed that the Plaintiff had arranged to transport the children.

17.

On a number of other occasions, fixed base operators at an airport have telephoned Plaintiff Angel Flight on behalf of patients whose flights actually had been arranged by AFSE, and who were at the airport awaiting transportation. After being advised that Plaintiff Angel Flight had not coordinated their flights, patients contacted AFSE and reportedly were told that their return flight had been forgotten

and/or were asked to wait, sometimes overnight, for another flight. On such occasions, Plaintiff has stepped in and coordinated transportation and free hotel rooms for patients who were initially stranded by AFSE.

18.

On another occasion, AFSE approached officials of at least two fixed base operators in Atlanta, Georgia, requesting fuel discounts for its volunteer pilots not only for volunteer flights, but for all flights by those pilots. Officials at both fixed base operators, mistakenly believing that these requests had come from Plaintiff Angel Flight, complained to Plaintiff's representatives about the requests.

19.

On another occasion, a contributor who attended a recent air show in Vidalia, Georgia gave a substantial donation to AFSE under the mistaken impression that Plaintiff Angel Flight would receive it.

20.

On yet another occasion, the family of a deceased pilot who had flown for Plaintiff Angel Flight wished to establish a fund with Plaintiff in the pilot's name. As a result of confusion on the part of the media and others arising from AFSE's use of the term ANGEL FLIGHT, contributions intended for the deceased pilot's fund with Plaintiff Angel Flight were mistakenly made to AFSE.

21.

Defendant AFSE's actions as set forth hereinabove have caused a substantial likelihood of confusion and actual confusion, have damaged Plaintiff Angel Flight, and have caused and continue to threaten irreparable harm for which there is no adequate remedy at law.

22.

Despite Plaintiff Angel Flight's demand that AFSE cease and desist from use of the term ANGEL FLIGHT within the Territory, AFSE has failed and refused to do so.

23.

Defendant AFSE has acted willfully, deliberately, in bad faith, has been stubbornly litigious and/or has caused Plaintiff Angel Flight unnecessary trouble and expense, entitling Plaintiff Angel Flight to recover its costs and expenses of this action, including reasonable attorneys' fees.

**COUNT ONE**

**LANHAM ACT, 15 U.S.C. § 1125(a) -- FALSE DESIGNATION OF ORIGIN**

24.

Plaintiff Angel Flight realleges and incorporates by reference paragraphs 1 through 23 as if those paragraphs were fully set forth herein.

25.

Defendant AFSE has used and is using in commerce, and in connection with its services, a term that constitutes a false designation of origin, false representation or description that falsely describes or represents, or that tends to falsely describe or represent, that the services provided by Defendant originate with, are sponsored or approved by, or are affiliated, connected or associated with Plaintiff Angel Flight.

26.

Defendant AFSE's actions are likely to cause confusion or mistake or deception as to the source, sponsorship, approval or affiliation of Defendant's services in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT TWO

## UNIFORM DECEPTIVE TRADE PRACTICES ACT, O.C.G.A. § 10-1-370

27.

Plaintiff Angel Flight realleges and incorporates by reference paragraphs 1 through 26 as if those paragraphs were fully set forth herein.

28.

Defendant AFSE's actions as set forth above constitute deceptive trade practices under O.C.G.A. § 10-1-370 et seq. (including without limitation O.C.G.A. § 10-1-372).

## COUNT THREE

## COMMON-LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

29.

Plaintiff Angel Flight realleges and incorporates by reference paragraphs 1 through 28 as if those paragraphs were fully set forth herein.

30.

Defendant AFSE's actions as set forth above constitute common-law trademark infringement, unfair competition, and deceptive trade practices in violation of state law.

WHEREFORE, Plaintiff Angel Flight demands that the Court grant relief as follows:

1. Preliminary and permanent injunctive relief enjoining AFSE from using within the Territory the term ANGEL FLIGHT or any other term confusingly similar thereto;

2. Costs and reasonable attorney fees incurred by Plaintiff; and

3. Such other and further relief as the Court may deem just and proper.

Dated: November 25th, 2003

_____
William B. B. Smith
Georgia Bar No. 664637
Anne M. Johnson
Georgia Bar No. 392229

JONES DAY
3500 SUNTRUST PLAZA
303 PEACHTREE STREET
ATLANTA, GA 30308-3242
Telephone (404) 521-3939
Facsimile (404) 581-8330

Attorneys for Plaintiff Angel Flight of Georgia, Inc.

# United States District Court

_Northern_ DISTRICT OF _Georgia_

ANGEL FLIGHT OF GEORGIA, INC.

V.

ANGEL FLIGHT SOUTHEAST, INC.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **1** 03 CV 3620

TO: (Name and address of defendant)

Angel Flight Southeast, Inc.
8864 Airport Boulevard
Leesburg, Florida  34788

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William B. B. Smith, Esq.
Jones Day
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia  30308-3242

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

CLERK

(BY) DEPUTY CLERK

NOV 25 2003

DATE